**AN JUN LIU, Petitioner**

v.

**ATTORNEY GENERAL OF the UNITED STATES.**

No. 09–1542.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Feb. 10, 2010.

Filed: Feb. 16, 2010.

H. Raymond Fasano, Esq., Madeo & Fasano, New York, NY, for Petitioner.

Eric H. Holder, Jr., Esq., Thomas W. Hussey, Esq., Gary J. Newkirk, Esq., W. Daniel Shieh, Esq., United States Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before: RENDELL, FISHER and GARTH, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

An Jun Liu, a native and citizen of the People's Republic of China, seeks review of a final order of removal entered by the Board of Immigration Appeals ("BIA"). We will deny the petition for review.

Because the parties are familiar with the background, we merely summarize for purposes of this non-precedential decision. Liu arrived in the United States in 2002 and was admitted as a conditional resident on the basis of her marriage to a United States citizen. In 2006, the Department of Homeland Security filed a Notice to Appear and terminated Liu's conditional status after her "husband" admitted that the marriage was a fraud. Liu conceded before the Immigration Judge ("IJ") that she was removable due to the fraudulent mar-

riage. In her 2007 application for asylum, she claimed past persecution in China based on a forced sterilization procedure. Liu also sought withholding of removal and relief under the Convention Against Torture ("CAT").

The IJ denied the asylum application as time barred, determined that Liu lacked credibility, and denied withholding of removal and CAT relief. The BIA agreed that the asylum application was untimely filed, and it affirmed the denial of withholding of removal because it found no error in the adverse credibility determination. The BIA also denied CAT relief. Liu timely filed a petition for review in this Court.

We have jurisdiction under 8 U.S.C. § 1252(a)(1).[1] We review agency factual findings, including an adverse credibility determination, under the deferential substantial evidence standard, which asks only that the findings be supported by "reasonable, substantial, and probative evidence on the record considered as a whole." *INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992) (citing 8 U.S.C. § 1105a(a)(4)); *see Butt v. Gonzales,* 429 F.3d 430, 433 (3d Cir.2005). Such findings are deemed " 'conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.' " *Chen v. Ashcroft,* 376 F.3d 215, 222 (3d Cir.2004) (quoting 8 U.S.C. § 1252(b)(4)(B)).

Under the provisions of the REAL ID Act, which the BIA correctly noted are applicable here, the IJ, after "[c]onsidering the totality of the circumstances, and all relevant factors," may base an adverse credibility determination

---

**1.** Liu does not argue her asylum or CAT claims in her brief to this Court. Her sole challenge on appeal is to the denial of with-

holding of removal based on the adverse credibility determination. Accordingly, we limit our analysis to that issue.

on the demeanor, candor, or responsiveness of the applicant or witness, the inherent plausibility of the applicant's or witness's account, the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, the consistency of such statements with other evidence of record (including the reports of the Department of State on country conditions), and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor.

8 U.S.C. § 1158(b)(1)(B)(iii).

To qualify for withholding of removal, Liu had to show that she "more likely than not" will face persecution if returned to China. See INS v. Cardoza-Fonseca, 480 U.S. 421, 430, 107 S.Ct. 1207, 94 L.Ed.2d 434 (1987). Liu, as noted, sought withholding based on a claim that she was persecuted in the past due to forced sterilization. A successful showing of past persecution would have entitled Liu to a rebuttable presumption that she faces future persecution. See 8 C.F.R. § 208.16(b)(1)(i). The BIA, however, denied withholding on the basis of the IJ's adverse credibility determination.

■ Upon a review of the record, we find substantial evidence to support the adverse credibility determination, and, therefore, the denial of withholding of removal. The BIA offered specific and cogent reasons for rejecting Liu's credibility, including the following: (1) despite Liu's claim that she was forcibly sterilized in China, the medical form for her visa in 2001 provided that she had not been pregnant, made no mention of sterilization, and had no marks on the abdomen or genitalia; (2) Liu failed to mention in either her asylum application or on direct examination that she frequently was sick as a result of her alleged sterilization, but only attested to that fact in response to the IJ's questioning; (3) Liu admitted that she previously gave false testimony about her marriage and admitted that her husband's application was untrue, despite the fact that she had contended at the beginning of the hearing that the filings were true and accurate; and (4) many documents that Liu submitted were deemed suspect because of conflicting information, and the IJ found that there were inconsistencies between Liu's testimony and her documents that she could not adequately explain.[2]

Given the inconsistencies in the evidence, Liu's willing participation in a fraudulent marriage to gain entry to the United States, and her otherwise unreliable testimony before the IJ, we cannot conclude that any reasonable adjudicator would be compelled to find Liu credible.[3]

**2.** For example, the IJ found inconsistency regarding a fine that was purportedly levied against Liu for violating family planning policy. Liu claimed that she was unable to pay the entire fine, but a document that she submitted purported to show that the balance was paid in full in 1994. (J.A. 271.) Yet Liu also submitted another, conflicting document reflecting an outstanding balance as of 2001 for the birth of a second child. (J.A. 274.) As the government correctly points out, the conflicting information contained in these two

documents was never explained. Respondent's Br. at 18.

**3.** While this Court has yet to address whether the REAL ID Act's credibility standard, 8 U.S.C. § 1158(b)(1)(B)(iii), is consistent with due process—an issue not raised on this appeal—we are satisfied that Liu's challenge to the BIA's adverse credibility finding would fail under the pre-REAL ID Act standard, as well.

Liu attempts in her brief to cast doubt upon several of the grounds cited to support the adverse credibility determination. She suggests, for example, that the medical form for her visa in 2001 "is not a particularly trustworthy document" because its questions are "ambiguous" and thus Liu's answers to those questions are open to more than one interpretation. Appellant's Br. at 12. That there can be other plausible interpretations of the evidence, however, is not enough to overturn the adverse credibility finding. *See, e.g., Anderson v. City of Bessemer City, N.C.,* 470 U.S. 564, 574, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985) ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous."). We fully have considered Liu's arguments regarding the evidence but conclude that her arguments plainly do not compel a conclusion contrary to that reached by the BIA.

For the foregoing reasons, we will deny the petition for review.